[No. A084339. First Dist., Div. One. June 16, 1999.]

WILLIAM J. FISETTE, Plaintiff and Respondent, v.
ED SNYDER, as Acting Director, etc., Defendant and Appellant.

**COUNSEL**

Daniel E. Lungren and Bill Lockyer, Attorneys General, Martin H. Milas, Assistant Attorney General, Damon M. Connolly and Mark D. Johnson, Deputy Attorneys General, for Defendant and Appellant.

McNiel Law Office and Linda McNiel for Plaintiff and Respondent.

**OPINION**

**STRANKMAN, P. J.**—The superior court granted respondent William J. Fisette's petition for a writ of mandate ordering Sally Reed, then Director of the Department of Motor Vehicles (DMV), to set aside DMV's decision suspending Fisette's driver's license for driving drunk with a blood-alcohol level in excess of .08 percent.[1] (Veh. Code, § 13353.2, subd. (a)(1).) DMV claims the court erred in finding that the arresting officer did not properly administer a urine test that found Fisette's blood-alcohol level to be .16 percent, twice the legal limit. DMV's claim is valid. We reverse the order granting a writ of mandate.

---

[1] Fisette's license suspension period has already been served; his efforts are directed to expunging the record of the suspension.

## DISCUSSION

■ Fisette concedes, for the purpose of judicial review, that the arresting officer had probable cause to arrest him for driving drunk, and that his blood-alcohol level tested at .16 percent. Fisette also seems to concede that DMV's license suspension decision should be upheld if the arresting officer complied with the regulation governing administration of urine tests of blood-alcohol levels. The sole issue on appeal is whether the arresting officer complied with the governing regulation.

The regulation provides: "The only approved urine sample shall be a sample collected no sooner than twenty minutes after first voiding the bladder." (Cal. Code Regs., tit. 17, § 1219.2, subd. (a) (hereafter, section 1219.2).) The dispute here centers on the fact that Fisette voided his bladder not once, but twice, before the sample was collected.

The police stopped Fisette on suspicion of drunk driving on June 2, 1997, at 10:15 p.m., and arrested Fisette at 10:50 p.m. The police jailed Fisette. In preparation for a urine test, Fisette voided his bladder at 11:38 p.m. The police told Fisette he would be tested in 20 minutes. Before the police could conduct the test, Fisette again voided his bladder, about midnight. The sample was taken at 12:10 a.m.

DMV and Fisette urge competing interpretations of section 1219.2. DMV maintains that a sample "collected no sooner than twenty minutes after first voiding the bladder" means 20 minutes after the first voiding of the bladder —an interim voiding of the bladder is irrelevant. Fisette maintains that a sample "collected no sooner than 20 minutes after first voiding the bladder" means 20 minutes after the latest voiding of the bladder—any voiding of the bladder after the first voiding delays the time before a sample may be collected.

DMV is correct under a plain reading of the regulation. A "sample collected no sooner than twenty minutes after first voiding the bladder" does not require a delay after every voiding, only the first voiding. Fisette's interpretation makes the word "first" superfluous. If, as Fisette maintains, 20 minutes must elapse after *any* voiding then the regulation could say that a urine sample must be collected no sooner than 20 minutes after voiding the bladder, and there is no need for the regulation to state "after *first* voiding the bladder." Here, Fisette first voided his bladder at 11:38 p.m. A sample was collected 32 minutes later, at 12:10 a.m. The regulation was satisfied, and the urine test properly administered.

## DISPOSITION

The order granting respondent Fisette's petition for a writ of mandate is reversed.

Stein, J., and Marchiano, J., concurred.